Heather J. Silver (SBN 285509)
Blake M. Bailus (SBN 360713)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Heather.Silver@gtlaw.com
Blake.Bailus@gtlaw.com

*Attorneys for Defendant*
SeatGeek, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOSE TORRES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SEATGEEK, INC., a Delaware corporation headquartered in New York; and DOES 1 through 25, inclusive,

Defendant.

CASE NO. 3:25-CV-07118-LB

Assigned to Hon. Laurel Beeler

**DEFENDANT SEATGEEK, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

[Filed concurrently with Motion to Dismiss; Declaration of Heather J. Silver; Proposed Orders]

| | |
|---|---|
| Action Filed: | Aug. 22, 2025 |
| Date: | April 30, 2026 |
| Time: | 9:30 a.m. |
| Place: | Courtroom B, 15th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 30, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Laurel Beeler, United States Magistrate Judge for the Northern District of California, located at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, Courtroom B, 15th floor, San Francisco, California 94102, Defendant SeatGeek, Inc. ("SeatGeek") will and hereby does respectfully request that the Court consider the following material, which is attached to and authenticated by the concurrently filed Declaration of Heather J. Silver ("Silver Declaration") in support of this Request for Judicial Notice ("RJN") and SeatGeek's Motion to Dismiss, when ruling on SeatGeek's concurrently filed Motion to Dismiss Plaintiff Jose Torres's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6):

**Exhibit 1**: California Assembly Bill 929, 2015-2016 Regular Session.

**Exhibit 2**: Senate Committee on Public Safety Bill Analysis, Assembly Bill 929, California 2015-2016 Reg. Sess. (June 16, 2025).

**Exhibit 3**: Assembly Floor Bill Analysis, Assembly Bill 929, 2015-2016 Reg. Sess. (July 8, 2015).

**Exhibit 4**: Assembly Committee on Privacy and Consumer Protection Bill Analysis, Assembly Bill 929, 2015-2016 Reg. Sess. (Apr. 21, 2015).

**Exhibit 5**: Assembly Committee on Appropriations Bill Analysis, Assembly Bill 929, 2015-2016 Reg. Sess. (Apr. 29, 2015).

**Exhibit 6**: Assembly Committee on Privacy and Consumer Protection Bill Analysis, Assembly Bill 1924, 2015-2016 Reg. Sess. (Apr. 19, 2016).

**Exhibit 7**: Senate Committee on Public Safety Bill Analysis, California Senate Bill 690, 2025-2026 Reg. Sess. (April 29, 2025).

**Exhibit 8**: Senate Floor Analyses, California Senate Bill 690, 2025-2026 Reg. Sess. (June 2, 2025).

**Exhibit 9**: Assembly Committee on Public Safety Bill Analysis, California Senate Bill 690, 2025-2026 Reg. Sess. (July 1, 2025).

**Exhibit 10**: Developer Tools interface of the official website of Plaintiff's counsel, Ongaro PC captured on October 31, 2025, which can be found at the URL https://ongaropc.com.

**Exhibit 11**: Developer Tools interface of the SeatGeek solicitation webpage on Don Bivens, PLLC's website captured on December 15, 2025, which can be found at the URL https://bivens.plaintip.com/index.php/seatgeek/.

**Exhibit 12**: Developer Tools interface of the SeatGeek solicitation webpage on Don Bivens, PLLC's website captured on February 20, 2026, which can be found at the URL https://bivens.plaintip.com/index.php/seatgeek/.

**Exhibit 13**: Developer Tools interface of the official website of Plaintiff's counsel, Cotchett, Pitre & McCarthy, LLP captured on December 17, 2025, which can be found at the URL https://www.cpmlegal.com.

**Exhibit 14**: Developer Tools interface of the official website of Plaintiff's counsel, Cotchett, Pitre & McCarthy, LLP captured on February 20, 2026, which can be found at the URL https://www.cpmlegal.com.

**Exhibit 15**: Order overruling defendant Variety Media LLC's demurrer to plaintiff's First Amended Complaint in *Sean Rose v. Variety Media LLC*, Los Angeles Superior Court Case No. 25STCV01865 ("*Variety* Action") (Sept. 24, 2025).

**Exhibit 16**: Petition for Writ of Mandate filed by petitioner Variety Media LLC in *Variety Media, LLC v. Superior Court of the State of California*, Second Appellate District Court of Appeal Case No. B350578 ("*Variety* Appeal") (Nov. 21, 2025).

**Exhibit 17**: Order to Show Cause re: Petition for Writ of Mandate in the *Variety* Appeal (Jan. 8, 2026).

**Exhibit 18**: Docket sheet from the *Variety* Appeal, which includes the Court of Appeal's order granting real party in interest Sean Rose's request for a 30-day extension of time to file his return in the *Variety* Appeal (Jan. 26, 2026).

These exhibits may be properly considered in connection with SeatGeek's concurrently filed Motion to Dismiss the FAC because each exhibit is subject to judicial notice under Federal Rule of Evidence 201.

//

//

Dated: February 20, 2026

GREENBERG TRAURIG, LLP

By */s/ Heather J. Silver*
Heather J. Silver
Attorneys for Defendant
SeatGeek, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Judicial notice of Exhibits 1 through 18—the California Legislature's materials concerning the enactment of the provisions of the California Invasion of Privacy Act ("CIPA") at issue in the Complaint; Developer Tools interfaces of the official websites for Ongaro, PC and Cotchett, Pitre & McCarthy, LLP (Plaintiff's former and current counsel of record, respectively) and Don Bivens, PLLC (counsel that referred Plaintiff's case to Ongaro, PC and Cotchett, Pitre & McCarthy, LLP ); order issued in the *Variety* Action; and the writ petition filed, orders, and docket sheet from the *Variety* Appeal—is proper. Under Federal Rule of Evidence 201, the Court may take judicial notice of matters that are "either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is mandatory when a "party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Exhibits 1 through 18, attached to the Silver Declaration, are matters that this Court may take judicial notice of because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, judicial notice of Exhibits 1 through 18 is required.

**I. Judicial Notice of Exhibits 1-9, Materials From the California Legislature, is Required.**

Courts regularly take judicial notice of legislative materials published on a government website. *See, e.g.*, *Chamber of Com. of U.S. v. Becerra*, 438 F. Supp. 3d 1078, 1088 n.1 (E.D. Cal. 2020) ("The court takes judicial notice of the various legislative materials related to AB 51 located on the Official California Legislative Information Website, as publicly available government documents whose contents cannot reasonably be questioned."); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.") (citation omitted).

Therefore, the Court may properly consider the legislative materials—bill analyses and the enacted bill itself for Assembly Bill 929, bill analysis for Assembly Bill 1942, and bill analyses for Assembly Bill 690—attached as Exhibits 1-9. *See Becerra*, 438 F. Supp. 3d at 1088 n.1.

**II. Judicial Notice of Exhibits 10-14, Developer Tools Interfaces of Plaintiff's Counsel's Official Websites, is Required.**

Exhibits 10 through 14 are Developer Tools interfaces on the official websites of Plaintiff's former and current counsel of record (Ongaro, PC and Cotchett, Pitre & McCarthy, LLP) and Plaintiff's referring counsel (Don Bivens, PLLC), respectively. "[M]atters of public record," including publicly accessible websites, are not subject to reasonable dispute. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see Daniels-Hall v. Nat. Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information on a website).

Courts regularly take judicial notice of the contents of websites. *See, e.g.*, *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1324 (C.D. Cal. 2023) (taking judicial notice of a printout of a webpage on the FDA's official website); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (a court may take judicial notice of "publicly accessible websites whose accuracy and authenticity is not subject to dispute"); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of pages on LinkedIn's and Google's websites); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of documents on Facebook's website and articles on news websites).

Furthermore, the source codes and other technical properties of websites are subject to judicial notice. *See, e.g.*, *Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, 2014 WL 3368893, at *2 (N.D. Ill. July 8, 2014) (taking judicial notice of the web address of a photograph embedded in a website article based on "right-clicking on the photo and viewing 'properties'"); *BYD Co. Ltd. v. All. for Am. Mfg.*, 554 F. Supp. 3d 1, 13 (D.D.C. 2021) ("Anyone with a web browser can view a webpage's source code, so it is 'verifiable with certainty.'") (citation omitted), *aff'd*, 2022 WL 1463866 (D.C. Cir. May 10, 2022).

The results shown in Developer Tools that are the subjects of Exhibits 10 through 14—showing Plaintiff's counsel's use of third-party technologies on their websites to collect visitors' metadata, including even the Meta script on which Plaintiff bases his own claim—can be accessed by anyone with a computer via the Developer Tools panel on their web browser, thus they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Therefore, judicial notice of Exhibits 10 through 14 is required.

**III. Judicial Notice of Exhibit 15-18, a Petition Filed in California State Court, Orders Issued by California State Courts, and the Docket Sheet of a California State Court, is Required.**

Exhibits 15 through 18 are a Petition for Writ of Mandate filed in, two orders issued from, and the docket sheet of California's state courts in, the *Variety* Action and the *Variety* Appeal. "It is well established that federal courts may take judicial notice of state court orders and proceedings." *Garcia v. 12232 Champman Ave Inc.*, No. SACV 18-00276 AG (KESx), 2018 WL 5870619, at *2 (C.D. Cal. Sept. 24, 2018) (citing *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006)); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"); *Sotelo v. Browning-Ferris Indus. of Cal., Inc.*, No. 20-cv-6927, 2020 WL 7042816, at *1 (C.D. Cal. Nov. 30, 2020) ("orders and filings are proper subjects of judicial notice when they arise from related proceedings") (quotation marks and citation omitted); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings."). Thus, judicial notice of Exhibits 15 through 18 is mandatory.

**CONCLUSION**

For these reasons, SeatGeek respectfully requests that the Court consider Exhibits 1-18 to the Silver Declaration when ruling on SeatGeek's Motion to Dismiss the FAC.

Dated: February 20, 2026

GREENBERG TRAURIG, LLP

By */s/ Heather J. Silver*
Heather J. Silver
Attorneys for Defendant
SeatGeek, Inc.