Adam J. Zapala (SBN 245748)
Kevin J. Boutin (SBN 334965)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
kboutin@cpmlegal.com

Katrina Carroll (*pro hac vice*)
**CARROLL SHAMBERG LLC**
200 N. LaSalle, Suite 1650
Chicago, IL 60601
Telephone:(872)-215-6205
katrina@csclassactions.com

***Attorneys for Plaintiff and the Putative Class***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JOSE TORRES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SEATGEEK, INC., a Delaware corporation headquartered in New York; and DOES 1 through 25, inclusive,

Defendant.

CASE NO. 3:25-cv-07118-LB

Hon. Laurel Beeler

**PLAINTIFF'S OPPOSITION TO DEFENDANT SEATGEEK, INC.'S REQUEST FOR JUDICIAL NOTICE**

**Action filed: August 22, 2025**

**Date: April 30, 2026**
**Time: 9:30 a.m.**
**Place: Courtroom B, 15th Floor**

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. RJN Exhibits 10-14 Purport To Support An Irrelevant Attack On Plaintiff's Counsel And Are Not Proper Subjects of Judicial Notice .......... 1

B. The truthfulness of the "facts" contained in Exhibits 10-14 are not judicially noticeable. .......... 2

III. CONCLUSION .......... 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arellano v. Santos*,
No. 318CV02391BTMWVG, 2020 WL 1275650 (S.D. Cal. Mar. 16, 2020)....................1

*Arpin v. Santa Clara Valley Transp. Agency*,
261 F.3d 912 (9th Cir. 2001) ....................1

*Cascades Computer Innovation LLC v. RPX Corp*.,
No. 12-cv-01143-YGR, 2013 WL 316023 (N.D. Cal. Jan. 24, 2013)....................2

*J.W. ex rel. J.F.W.. v. Fresno Unified Sch. Dist.*,
626 F.3d 431 (9th Cir. 2010) ....................2

*Khoja v. Orexigen Therapeutics, Inc*.,
899 F.3d 988 (9th Cir. 2018) ....................1, 2, 3

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ....................1

*Maraldo v. Life Ins. Co. of the Sw.*,
No. 11-CV-4972-YGR, 2012 U.S. Dist. LEXIS 45572 (N.D. Cal. Mar. 30, 2012) ....................1

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008)....................2

*Resolute Forest Prods., Inc. v. Greenpeace Int'l*,
No. 17-CV-02824-JST, 2019 WL 281370 (N.D. Cal. Jan. 22, 2019) ....................2

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018)....................1, 2

*U.S. v. Corinthian Colls*.,
655 F.3d 984 (9th Cir. 2011) ....................2

**Rules**

Fed. R. Evid. 201 ....................1, 3

**Other Authorities**

21B Charles Alan Wright & Kenneth W. Graham, Jr.,
*Federal Practice and Procedure (Evidence)* § 5102.2 ....................1

## I. INTRODUCTION

Plaintiff Jose Torres ("Plaintiff") submits this response in opposition to Defendant SeatGeek, Inc.'s ("SeatGeek") Request for Judicial Notice, ECF No. 31 (the "Request" or "RJN").

Plaintiff does not object to the Court considering documents related to SeatGeek's legislative or legal challenges in this case. But some of SeatGeek's RJN exhibits are improper attempts to "pile on numerous" irrelevant document "to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018). Incredibly, SeatGeek's strategy to undermine the complaint involves mounting an irrelevant attack on Plaintiff's counsel using extrinsic documents that have nothing to do with the issues raised in SeatGeek's Motion to Dismiss. Plaintiff takes issue with the use of documents, RJN Exhibits 10-14, as they are not proper subjects of judicial notice and this Court should not consider them for any purpose.

## II. ARGUMENT

### A. RJN Exhibits 10-14 Purport To Support An Irrelevant Attack On Plaintiff's Counsel And Are Not Proper Subjects of Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss"). Judicial notice applies to a limited set of adjudicative facts and is *only* proper if the particular fact "is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Maraldo v. Life Ins. Co. of the Sw.*, No. 11-CV-4972-YGR, 2012 U.S. Dist. LEXIS 45572, at *17 (N.D. Cal. Mar. 30, 2012) ("The Ninth Circuit has indicated that judicial notice should only be taken *sparingly*, with caution, and after demonstration of a 'high degree of indisputability.'") (emphasis added). An "*undisputed* matter of public record" may be judicially noticed; "*disputed* facts stated in public records" cannot. *Lee*, 250 F.3d at 690 (emphasis in original); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure (Evidence)* § 5102.2 (2d ed. 2005)). Courts are "mindful of the risk that the judicial notice rule can lead to the consideration of extrinsic evidence to resolve factual disputes, which is not proper at the pleading stage." *Arellano v.*

*Santos*, No. 318CV02391BTMWVG, 2020 WL 1275650, at *3 (S.D. Cal. Mar. 16, 2020).

That risk is very real here, as SeatGeek attempts to use Exhibits 10-14 to have the Court draw conclusions supporting Defendant's inappropriate fact based argument that its data collection practices are commercially reasonable. SeatGeek does not attempt to introduce any of its own evidence to support that assertion, but rather, injects "facts" into the record concerning the data collection practices on the websites of Plaintiff's current and former counsel. This is a sideshow. Plaintiff's counsel's websites are not facts to be adjudicated in this lawsuit: nowhere does the FAC incorporate or even mention any website of Plaintiff's counsel. And just because some of Plaintiff's counsel maintain websites online, "a document is not judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document." *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST, 2019 WL 281370, at *1 (N.D. Cal. Jan. 22, 2019) (quoting *Rollins*, 338 F. Supp. 3d at 1032). Plaintiff's counsel's websites should not be considered for any purpose here.

**B. The truthfulness of the "facts" contained in Exhibits 10-14 are not judicially noticeable.**

SeatGeek also improperly requests judicial notice of Exhibits 10-14 for the alleged truth of the matters asserted. *See U.S. v. Corinthian Colls*., 655 F.3d 984, 999 (9th Cir. 2011) (courts cannot "take judicial notice of facts favorable to [d]efendants that could reasonably be disputed."). A court may take judicial notice of a document only for the limited purpose of recognizing its existence, not for the truth of the matters contained therein. *See Khoja*, 899 F.3d at 999; *Cascades Computer Innovation LLC v. RPX Corp*., No. 12-cv-01143-YGR, 2013 WL 316023, *4 n.5 (N.D. Cal. Jan. 24, 2013) (taking judicial notice "of the fact that certain documents were publicly-filed and the fact that certain statements were made in those documents on the dates specified, but not the truth of the statements contained therein"); *J.W. ex rel. J.F.W.. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440 (9th Cir. 2010) ("Although the existence of a document may be judicially noticeable, the truth of statements contained in the document and improper interpretation are not subject to judicial notice[.]") (emphasis in original); *Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2008) (holding documents' "content[s], and the inferences properly

drawn from them, . . . is not a proper subject of judicial notice under Rule 201”).

In offering Exhibits 10-14, SeatGeek improperly seeks to use judicial notice to establish purported “facts” concerning Plaintiff’s counsel’s use of web analytics that are disputed. This Court should reject SeatGeek’s attempt to introduce materials to support its irrelevant attack on Plaintiff’s counsel and not consider these exhibits for any purpose. *Khoja*, 899 F.3d at 1000 (“It is improper to judicially notice a [document] when the substance of the [document] ‘is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.’”).

## III. CONCLUSION

For the reasons set forth above, SeatGeek’s RJN as to Exhibits 10-14 should be denied.

Respectfully submitted,

Dated: March 19, 2026

/s/ Adam J. Zapala
Adam J. Zapala (SBN 245748)
Kevin J. Boutin (SBN 334965)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center 840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
kboutin@cpmlegal.com

Katrina Carroll (*pro hac vice*)
**CARROLL SHAMBERG LLC**
200 N. LaSalle, Suite 1650
Chicago, IL 60601
Telephone:(872)-215-6205
katrina@csclassactions.com

*Counsel for Plaintiff and the Proposed Class*