Heather J. Silver (SBN 285509)
Blake M. Bailus (SBN 360713)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Heather.Silver@gtlaw.com
Blake.Bailus@gtlaw.com

Attorneys for Defendant
SEATGEEK, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE TORRES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEATGEEK, INC., a Delaware corporation headquartered in New York; and DOES 1 through 25, inclusive,<br><br>Defendant. | CASE NO. 3:25-CV-07118-LB<br><br>Assigned to Hon. Laurel Beeler<br><br>**DEFENDANT SEATGEEK, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with Motion to Dismiss; Declaration of Heather J. Silver; Proposed Orders]<br><br>Date: November 12, 2026<br>Time: 9:30 a.m.<br>Place: Courtroom B, 15th Floor<br><br>Action Filed: Aug. 22, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 12, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Laurel Beeler, United States Magistrate Judge for the Northern District of California, located at the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, Courtroom B, 15th floor, San Francisco, California 94102, Defendant SeatGeek, Inc. ("SeatGeek") will and hereby does respectfully request that the Court consider the following material, which is attached to and authenticated by the concurrently filed Declaration of Heather J. Silver ("Silver Declaration") in support of this Request for Judicial Notice ("RJN") and SeatGeek's Motion to Dismiss, when ruling on SeatGeek's concurrently filed Motion to Dismiss Plaintiff Jose Torres's ("Plaintiff") Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6):

**Exhibit 1**: Screenshot of the homepage of SeatGeek's website, www.seatgeek.com (the "Website"), after entering "padres" into the Website's search bar.

**Exhibit 2**: Screenshot of the Website's "San Diego Padres Tickets" page after entering "padres" into the Website's search bar and clicking the Top Result button.

**Exhibit 3**: Screenshot of the homepage of the Website after entering "chargers" into the Website's search bar.

**Exhibit 4**: Screenshot of the Website's "Los Angeles Chargers Tickets" page after entering "chargers" into the Website's search bar and clicking the Top Result button.

**Exhibit 5**: Petition for Writ of Mandate filed by petitioner Variety Media, LLC in *Variety Media, LLC v. Superior Court of the State of California*, Second Appellate District Court of Appeal Case No. B350578 ("*Variety* Appeal") (Nov. 21, 2025).

**Exhibit 6**: Order to Show Cause re: Petition for Writ of Mandate in the *Variety* Appeal (Jan. 8, 2026).

**Exhibit 7**: Printout of docket sheet from the *Variety* Appeal as of August 10, 2026.

**Exhibit 8**: Senate Floor Bill Analysis, California Senate Bill 690, 2025-2026 Reg. Sess. (May 29, 2025).

**Exhibit 9**: Assembly Committee on Privacy and Consumer Protection Bill Analysis, California Senate Bill 690, 2025-2026 Reg. Sess. (July 1, 2026).

**Exhibit 10**: Printout of bill votes for California Senate Bill 690, 2025-2026 Reg. Sess. (May 29, 2025).

These exhibits may be properly considered in connection with SeatGeek's concurrently filed Motion to Dismiss the SAC because each exhibit is subject to judicial notice under Federal Rule of Evidence 201.

Dated: August 10, 2026

GREENBERG TRAURIG, LLP

By: */s/ Heather J. Silver*
Heather J. Silver
Attorneys for Defendant
SEATGEEK, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court should consider Exhibits 1 through 10—screenshots of SeatGeek's website, www.seatgeek.com (the "Website") (Exs. 1-4), California state court records (Exs. 5-7), and materials from the California Legislature (Exs. 8-10)—when ruling on SeatGeek's Motion to Dismiss Plaintiff Jose Torres's ("Plaintiff") Second Amended Complaint ("SAC") because they are "matters of judicial notice" and, for Exhibits 1 through, 4, "documents incorporated by reference" into the SAC. *Timothee v. Meta Platforms, Inc.*, No. 25-cv-5106, 2026 WL 1130363, at *6 (N.D. Cal. Apr. 27, 2026) (Beeler, J.). "Although a court generally is confined to the pleadings on a Rule 12(b) motion, '[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Because Plaintiff refers extensively to and relies upon SeatGeek's Website as the very basis of his claims, the Court should consider Exhibits 1 through 4 pursuant to the doctrine of incorporation by reference. Further, judicial notice of Exhibits 1 through 4, as well as Exhibits 5 through 10—materials from the California Legislature concerning the provisions of the California Invasion of Privacy Act ("CIPA") at issue in Plaintiff's SAC, as well as the writ petition, order to show cause, and docket sheet from the *Variety* Appeal—is proper. Under Federal Rule of Evidence 201, the Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Judicial notice is mandatory when a "party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Exhibits 1 through 10 are matters that this Court may take judicial notice of because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Accordingly, judicial notice of Exhibits 1 through 10 is required.

## I. Exhibits 1-4, Screenshots of SeatGeek's Website, Should be Considered Under the Incorporation by Reference Doctrine.

On a motion to dismiss under Rule 12(b), courts may consider a document under the "incorporation by reference" doctrine where "the plaintiff's claim depends on the contents of a document, the defendant

attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document," even if the document is not "physically attached" to the plaintiff's pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (recognizing incorporation by reference doctrine "applies with equal force to internet pages as it does to printed material"). This doctrine "treats certain documents as though they are part of the complaint itself," and it prevents plaintiffs from selecting only portions of a document to support their claims while omitting the weaker portions of the same document. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Exhibits 1 through 4—screenshots demonstrating the functionality of the Website's search bar—should be considered under the doctrine of incorporation by reference. Plaintiff refers to SeatGeek's Website throughout the SAC, *see e.g.*, SAC ¶¶ 1-5, 62-71, 121-124, and Plaintiff bases his claims on the alleged collection of URLs and other browsing activity "concerning the exact webpages" he visited on the Website, *id.* ¶¶ 123, 124. Specifically, Plaintiff's claims all arise from his alleged visit to the Website, at which time he allegedly "searched for and browsed . . . NFL and MLB sporting events," including "for San Diego Padres tickets." *Id.* ¶ 123. SeatGeek's alleged disclosure of the "exact webpages" of Plaintiff's purported "event searches" (SAC ¶¶ 123, 124) is, according to Plaintiff, "critical for establishing [SeatGeek]'s potential [] liability," and the Website screenshots—demonstrating that a user's entered search term is not transmitted through the URL of the webpage reached when the user selects an item from the search bar's drop-down menu—are therefore integral to the Complaint. *Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 24-cv-6525, 2025 WL 1141168, at *3 (C.D. Cal. Feb. 27, 2025); *see also Ford v. Hotwire, Inc.,* No. 07-cv-1312, 2008 WL 5874305, at *8 (S.D. Cal. Feb. 25, 2008) (considering "reproductions of pages from [defendant's] website that serve[d] as exemplars of what a consumer view[ed] when using [the website] to reserve hotel accommodations").

Because Plaintiff relies on the Website and the supposed tracking of information about "his event searches" on the Website in presenting his claims, SAC ¶ 123, Exhibits 1 through 4 are incorporated by reference. *Knievel*, 393 F.3d at 1076.

**II. Judicial Notice of Exhibits 1-4 is Required.**

Exhibits 1 through 4 are also subject to judicial notice because these screenshots of SeatGeek's publicly accessible websites are "matters of public record" which are not subject to reasonable dispute. *Khoja*,

899 F.3d at 999; *see Daniels-Hall v. Nat. Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information on a website).

"'[A]s a general matter, websites and their contents may be proper subjects for judicial notice' provided that the party submits a copy of the relevant webpage to the court." *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1053 (N.D. Cal. 2025) (citation omitted) (taking judicial notice of "[defendant]'s Website," including defendant's "Cookies Settings" screen, "Cookies Banner" screen, and "related screens, as well as screens showing the account creation and purchase process"); *see also, e.g.*, *Jones v. Tonal Sys., Inc.*, 751 F.Supp.3d 1025, 1031 (S.D. Cal. 2024) (granting request for judicial notice of four printouts of publicly available website pages because plaintiff's "characterization of the website chat feature 'form the basis' of her lawsuit.") (citation omitted). Courts regularly take judicial notice of the contents of websites. *See In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189-90 (N.D. Cal. 2019) (granting defendant's request for judicial notice of publicly available websites in CIPA and invasion of privacy class action); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of website pages); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of documents on Facebook's website and articles on news websites).

The Website search results shown that are the subjects of Exhibits 1 through 4 can be accessed by anyone with a computer on their web browser and, therefore, they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Therefore, judicial notice of Exhibits 1 through 4 is required.

## III. Judicial Notice of Exhibits 5-7, a Writ Petition, an Order, and the Docket Sheet from a California State Court Appeal, is Required.

Exhibits 5 through 7 are a petition for writ of mandate and an order granting review of the writ petition from the *Variety* Appeal, as well as the *Variety* Appeal docket sheet. "It is well established that federal courts may take judicial notice of state court orders and proceedings." *Garcia v. 12232 Champman Ave Inc.*, No. 18-cv-276, 2018 WL 5870619, at *2 (C.D. Cal. Sept. 24, 2018) (citing *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006)); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"); *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take

judicial notice of publicly available records . . . from other court proceedings.”). Thus, judicial notice of Exhibits 5 through 7 is mandatory.

**IV. Judicial Notice of Exhibits 8-10, Materials from the California Legislature, is Required.**

Courts regularly take judicial notice of legislative materials published on a government website. *See, e.g.*, *Chamber of Com. of U.S. v. Becerra*, 438 F. Supp. 3d 1078, 1088 n.1 (E.D. Cal. 2020) (“The court takes judicial notice of the various legislative materials related to AB 51 located on the Official California Legislative Information Website, as publicly available government documents whose contents cannot reasonably be questioned.”); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (“Under Rule 201, the court can take judicial notice of ‘[p]ublic records and government documents available from reliable sources on the Internet,’ such as websites run by governmental agencies.”) (citation omitted). Therefore, the Court may properly consider the legislative materials and bill-vote printout for Senate Bill 690 attached as Exhibits 8-10. *See Becerra*, 438 F. Supp. 3d at 1088 n.1.

**CONCLUSION**

For these reasons, SeatGeek respectfully requests that the Court consider Exhibits 1-10 to the Silver Declaration when ruling on SeatGeek’s Motion to Dismiss the SAC.

Dated: August 10, 2026 GREENBERG TRAURIG, LLP

By: */s/ Heather J. Silver*
Heather J. Silver
Attorneys for Defendant
SEATGEEK, INC.