Adam J. Zapala (SBN 245748)
Kevin J. Boutin (SBN 334965)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
kboutin@cpmlegal.com

Katrina Carroll (*pro hac vice*)
**CARROLL SHAMBERG LLC**
200 N. LaSalle, Suite 1650
Chicago, IL 60601
Telephone:(872)-215-6205
katrina@csclassactions.com

***Attorneys for Plaintiff and the Putative Class***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE TORRES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEATGEEK, INC., a Delaware corporation headquartered in New York; and DOES 1 through 25, inclusive,<br><br>Defendant. | CASE NO. 3:25-cv-07118-LB<br><br>Hon. Laurel Beeler<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SEATGEEK, INC.'S REQUEST FOR JUDICIAL NOTICE**<br><br>**Action filed: August 22, 2025**<br><br>**Date: November 12, 2026**<br>**Time: 9:30 a.m.**<br>**Place: Courtroom B, 15th Floor** |

## I. INTRODUCTION

Plaintiff Jose Torres ("Plaintiff") submits this response in opposition to Defendant SeatGeek, Inc.'s ("SeatGeek" or "Defendant") Request for Judicial Notice, ECF No. 50 (the "Request" or "RJN"). Plaintiff does not object to the Court considering Exhibits 5-10 – court filings related to the appeal in *Variety Media, LLC v. Superior Court of the State of California*, Second Appellate District Court of Appeal Case No. B350578 (Nov. 21, 2025) and public documents reflecting the progress of California Senate Bill 690. However, Plaintiff does object to the Court's consideration of Exhibits 1-4, purported screenshots of various pages of Seatgeek's Website, which are offered to establish the truth of their contents. *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts cannot "take judicial notice of facts favorable to [d]efendants that could reasonably be disputed."). This is improper not only because Defendant may not attempt to contradict or undermine Plaintiff's well-pled allegations through the use of extrinsic evidence at the motion to dismiss stage, but there is no indication that these screenshots, even if they *could* be properly considered for the truth of the matters asserted therein, reflect anything other than what certain webpages looked like on July 16, 2026, when defense counsel took them, nearly a year after this case was filed, as opposed to what Plaintiff and/or members of the putative class would have seen when they visited the Website. While Seatgeek may attempt to further develop facts regarding the appearance and functionality of its Website during the class period through discovery, it cannot introduce such reasonably disputable facts at the pleading stage, and its request should be denied.

## II. ARGUMENT

### A. RJN Exhibits 1-4 Are Not Proper Subjects of Judicial Notice

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss"). Judicial notice applies to a limited set of adjudicative facts and is *only* proper if the particular fact "is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Maraldo v. Life Ins. Co. of the Sw.*, No. 11-CV-4972-YGR, 2012 U.S. Dist. LEXIS 45572, at *17 (N.D. Cal. Mar. 30, 2012) ("The Ninth Circuit has indicated

that judicial notice should only be taken *sparingly*, with caution, and after demonstration of a 'high degree of indisputability.'") (emphasis added). An "*undisputed* matter of public record" may be judicially noticed; "*disputed* facts stated in public records" cannot. *Lee*, 250 F.3d at 690 (emphasis in original); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (quoting 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure (Evidence)* § 5102.2 (2d ed. 2005)). Courts are "mindful of the risk that the judicial notice rule can lead to the consideration of extrinsic evidence to resolve factual disputes, which is not proper at the pleading stage." *Arellano v. Santos*, No. 318CV02391BTMWVG, 2020 WL 1275650, at *3 (S.D. Cal. Mar. 16, 2020).

That risk is very real here, as SeatGeek attempts to use Exhibits 1-4 to have the Court draw factual conclusions supporting Plaintiff's use of and interaction with its Website based on screenshots taken by defense counsel months after the case was filed and years after Plaintiff began visiting the Website.

"[A] document is not judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document." *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-CV-02824-JST, 2019 WL 281370, at *1 (N.D. Cal. Jan. 22, 2019) (quoting *Rollins*, 338 F. Supp. 3d at 1032). That is so because webpages are "changed, modified, and revised over time." *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010). "[C]ourts should be cautious before taking judicial notice of documents simply because they were published on a website . . . particularly so when a party seeks to introduce documents it created and posted on its own website, as [Seatgeek] does here." *Rollins*, 338 F. Supp. 3d at 1033. Unlike public records taken from websites maintained by government entities, the documents of private parties like Seatgeek are not noticeable simply because they appear on a public website. *See id.* at 1032 (denying to take judicial notice of documents from defendant's website because "the records of private parties have no [ ] imprimatur of reliability, and neither do their websites.").

At *best*, Exhibits 1-4 establish what certain pages of the Website looked like on July 16, 2026. However, even that would require the Court to accept the truth of those contents, which is also impermissible.

**B. The truthfulness of the "facts" contained in Exhibits 1-4 are not judicially noticeable**

SeatGeek improperly requests judicial notice of Exhibits 1-4 for the alleged truth of the matters asserted. A court, however, may take judicial notice of a document only for the limited purpose of recognizing its existence, not for the truth of the matters contained therein. *See Khoja*, 899 F.3d at 999; *Cascades Computer Innovation LLC v. RPX Corp.*, No. 12-cv-01143-YGR, 2013 WL 316023, *4 n.5 (N.D. Cal. Jan. 24, 2013) (taking judicial notice "of the fact that certain documents were publicly-filed and the fact that certain statements were made in those documents on the dates specified, but not the truth of the statements contained therein"); *J.W. ex rel. J.F.W.. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 440 (9th Cir. 2010) ("Although the existence of a document may be judicially noticeable, the truth of statements contained in the document and improper interpretation are not subject to judicial notice[.]") (emphasis in original); *Patel v. Parnes,* 253 F.R.D. 531, 546 (C.D. Cal. 2008) (holding documents' "content[s], and the inferences properly drawn from them, . . . is not a proper subject of judicial notice under Rule 201").

In offering Exhibits 1-4, SeatGeek improperly seeks to use judicial notice to establish purported "facts" concerning Plaintiff's use of and interaction with its Website that are disputed. This Court should reject SeatGeek's attempt to introduce outside materials to support its factual attack on Plaintiff's well-pled Complaint, and not consider these exhibits for any purpose. *Khoja*, 899 F.3d at 1000 ("It is improper to judicially notice a [document] when the substance of the [document] 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'").

## III. CONCLUSION

For the reasons set forth above, SeatGeek's RJN should be denied as to Exhibits 1-4.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Adam J. Zapala*

Adam J. Zapala (SBN 245748)
Kevin J. Boutin (SBN 334965)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center 840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com

kboutin@cpmlegal.com

Katrina Carroll (*pro hac vice*)
**CARROLL SHAMBERG LLC**
200 N. LaSalle, Suite 1650
Chicago, IL 60601
Telephone:(872)-215-6205
katrina@csclassactions.com

*Counsel for Plaintiff and the Proposed Class*